This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Corey Wheeler, appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division. We affirm.
 I.
On March 24, 2000, a complaint was filed, alleging that Mr. Wheeler was delinquent for committing acts which would have constituted two counts of rape, in violation of R.C. 2907.02(A)(1)(b), if he had been an adult at the time of commission. The charge alleged that Mr. Wheeler, born July 20, 1986, committed the offenses in June of 1999 against B.H. and A.R., two minor children.
A hearing was held before a magistrate on September 18, 2000. At the hearing, B.H., who was born on April 16, 1994, was found competent to testify. However, he became so upset during direct examination that he was excused from testifying by the magistrate. A.R., born on September 17, 1995, did not testify. R.H., the mother of B.H. and A.R., testified that Mr. Wheeler was a neighbor throughout 1999 and that he had played with her sons on several occasions prior to the incident. She stated that Mr. Wheeler had only played inside her house one time, the day her sons invited him over to see their new playroom in June of 1999. R.H. testified that, in December of 1999, both B.H. and A.R. approached her regarding a game Mr. Wheeler had played with them; they referred to this game as "the wiggle." Upon talking with her sons, R.H. reported the incident to the police and the children were taken to the Children At Risk Evaluation ("CARE") Center at Children's Hospital Medical Center of Akron ("Children's Hospital").
Detective Shannon Davis of the Barberton Police Department testified that she investigated a report which alleged that Mr. Wheeler had sexually assaulted B.H. and A.R. She stated that, in furtherance of her investigation, she scheduled an interview for the children at the CARE Center at the Children's Hospital. Detective Davis testified that she watched the children's interviews via a television set. She also testified that she interviewed Mr. Wheeler and his mother and later filed charges against Mr. Wheeler on two counts of rape.
Elizabeth Morstatter, a licensed social worker at the CARE Center, testified that she routinely meets with children and parents when there is a concern that a child has been physically or sexually abused. Ms. Morstatter stated that, once a child is interviewed, she presents the information she has gathered to a physician in order to facilitate the child's medical evaluation. She also stated that the purpose of the interviews held with B.H. and A.R. was to facilitate their medical evaluations. When asked what she talked about with B.H., Ms. Morstatter testified that B.H. was upset about an incident that had occurred when Mr. Wheeler had been upstairs in his playroom. Ms. Morstatter elaborated on the contents of the conversation, testifying as to B.H.'s discussion of the incident and description of the so-called wiggle game.
Prior to the close of the hearing, Mr. Wheeler testified that he was not guilty of the charges before him. He admitted that he had gone upstairs once to see the new playroom but denied that he had ever touched B.H. or A.R. in a sexual manner.
On October 4, 2000, the magistrate found Mr. Wheeler to be a delinquent child pursuant to the rape charge relating to B.H. The magistrate found that the state had not met its burden on the second rape charge and dismissed the charge relating to A.R. Mr. Wheeler filed objections to the magistrate's decision. On January 11, 2001, the trial court overruled the objections and adopted the decision of the magistrate. This appeal followed.
 II.
Mr. Wheeler asserts four assignments of error. We will discuss each in due course, consolidating the first and third assignments of error to facilitate review.
 A. First Assignment of Error The lower court erred in permitting the social worker to testify to the out-of-court statements attributed to B.H. and in admitting the interview notes and records of the social worker into evidence under Evid.R. 803(4).
 Third Assignment of Error The magistrate erred by failing to conduct a voir dire examination of the facts and circumstances surrounding the out-of-court statements of B.H. that were admitted under Evid.R. 803(4).
In the first assignment of error, Mr. Wheeler asserts that the trial court erred when it admitted into evidence the social worker's testimony of statements made by B.H., along with the accompanying interview notes and records from the hospital. Mr. Wheeler asserts that the testimony, notes, and records were inadmissible hearsay that should have been excluded. In the third assignment of error, Mr. Wheeler contends that there was insufficient evidence to indicate that B.H.'s statements to the social worker were made for the purpose of medical diagnosis or treatment. Consequently, Mr. Wheeler avers that the trial court should have conducted a voir dire examination of the facts and circumstances surrounding the making of the statements. Both assignments of error lack merit.
As a general rule, preliminary questions concerning the admissibility of evidence are determinations to be made by the trial court. Evid.R. 104(A). Significantly, "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Unless there has been an abuse of discretion, an appellate court should not interfere in the determination made by the trial court. State v. Hymore (1967),9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
"`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is not admissible evidence. Evid.R. 802. Evid.R. 803(4) provides an exception to the exclusion of hearsay statements which applies even where the declarant is available as a witness:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
Evid.R. 803(4) does not require that the individual diagnosing or treating the declarant be a physician in order for the hearsay exception to apply: "Indeed, statements made to a social worker are admissible pursuant to Rule 803(4) provided the surrounding circumstances are consistent with medical diagnosis or treatment." State v. Grooms (Aug. 19, 1998), Summit App. No. 18558, unreported, at 4. Additionally, "Rule 803(4) has been interpreted as including diagnosis or treatment related not only to physical injuries, but also to psychological injuries." Id. at 5.
In addressing the application of Evid.R. 803(4) to statements made by young children, the Ohio Supreme Court held that the "trial court should consider the circumstances surrounding the making of the hearsay statement." State v. Dever (1992), 64 Ohio St.3d 401, 410. The court referred to the examination process and explained that any factor which could affect the reliability of the child's statement, including a cross-examination of the witness whose testimony brings in the child's hearsay statement, could be considered. Id. The court noted that the "inquiry will vary, depending on the facts of each case." Id.
Mr. Wheeler has argued that the record does not support the determination that the statements by B.H. were made to facilitate a medical evaluation; rather, he has asserted that the referral to the Children's Hospital was made by the police department and the interview was conducted solely to further the police investigation. Additionally, he argues, in essence, that a voir dire examination of the circumstances surrounding the statements was necessary because there was insufficient evidence to indicate that B.H.'s statements to the social worker were made for the purpose of medical diagnosis or treatment.
The evidence before this court indicates that R.H. filed a complaint with the police after her sons approached her to discuss the incident whereupon the police referred the family to the CARE Center at the Children's Hospital. Once the children were at the hospital, the police were not involved in the medical evaluations and merely watched the interviews via a television set, not influencing the conversation which occurred between Ms. Morstatter and B.H. Ms. Morstatter, the social worker, stated that it is her primary duty to interview children who may have been physically or sexually abused and present the information gathered to a physician in order to facilitate a child's medical evaluation. She testified that her purpose in interviewing B.H. and A.R. was to facilitate their medical evaluations.
Based on the foregoing, we cannot conclude that the trial court abused its discretion in admitting the social worker's testimony pursuant to Evid.R. 803(4). The trial court considered the circumstances surrounding the making of the hearsay statement and made a determination that the statements made by B.H. to Ms. Morstatter were for the purpose of medical diagnosis or treatment. See Dever, 64 Ohio St.3d at 410. As the inquiry into the reliability of a child's statement will vary and be dependant upon the facts of any particular case, we cannot say that it was error for the trial court to determine that there was sufficient reliability in the statements to admit them into evidence without conducting further examination. See id. Accordingly, Mr. Wheeler's first and third assignments of error are overruled.
 B. Second Assignment of Error Appellant was materially prejudiced and his right of confrontation was violated by the admission of the social worker's testimony and accompanying interview notes and records and the trial court's excusal of B.H. from the Adjudication Hearing.
In the second assignment of error, Mr. Wheeler asserts that he was materially prejudiced and denied his due process right of confrontation, as guaranteed by the Sixth Amendment to the United States Constitution, when the trial court admitted into evidence Ms. Morstatter's testimony, interview notes, and records, as the statements made to her by B.H. do not comply with Evid.R. 803(4). We disagree.
A defendant's right of confrontation is protected by theSixth Amendment to the United States Constitution and provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]" The Confrontation Clause is made applicable to the states through theFourteenth Amendment. Pointer v. Texas (1965), 380 U.S. 400, 403, 13 L.Ed.2d 923,926. In considering the admission of a juvenile's statements, the Ohio Supreme Court has held that "[t]he admission into evidence of a hearsay statement pursuant to a firmly rooted hearsay exception does not violate a defendant's right of confrontation." Dever, 64 Ohio St.3d at 418-19
(holding that, as the hearsay exception in Evid.R. 803(4) was firmly rooted, the statements made by a juvenile sex offense victim during treatment could be admitted without denying the defendant his right to confrontation).
Mr. Wheeler asserts that his Sixth Amendment right to confrontation has been infringed upon. Significantly, Mr. Wheeler avers that, as B.H.'s statements do not satisfy the requirements of Evid.R. 803(4), there is insufficient indicia of reliability in such statements to admit them into evidence. Mr. Wheeler asserts that the statements do not satisfy Evid.R. 803(4) because they were not made for the purpose of medical treatment or diagnosis, but rather to further police investigation.
This court held in the first and third assignments of error that the trial court did not abuse its discretion in making the determination that the statements by B.H. to Ms. Morstatter were made for the purposes of medical diagnosis or treatment and not for the purposes of furthering police investigation. Consequently, we held that it was not error to admit the social worker's testimony pursuant to Evid.R. 803(4). Accordingly, as the testimony was admitted pursuant to a firmly rooted hearsay exception, we find that Mr. Wheeler's assigned error as to his right to confrontation is without merit. Mr. Wheeler's second assignment of error is overruled.
 C. Fourth Assignment of Error Any failure of Appellant to properly object and support his objections constitutes ineffective assistance of counsel or plain error.
In his fourth assignment of error, Mr. Wheeler asserts that, should he have failed to properly object or support his objections to the introduction of the social worker's testimony, notes, and records, any such failure was due to the ineffective assistance of counsel, or, in the alternative, constituted plain error.
A properly licensed attorney in Ohio is presumed competent. State v.Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving the ineffectiveness of counsel, therefore, is on the defendant. Id. A defendant is denied effective assistance of counsel when his attorney's performance falls below an objective standard of reasonable representation, and the defendant is prejudiced as a result. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Debatable trial tactics do not constitute ineffective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49. Moreover, because a strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance, in order to show prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
Additionally, in criminal cases, plain error is governed by Crim.R. 52(B), which states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, notice of plain error under Crim.R. 52(B) is to be taken with extreme caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
In the present case, this court reviewed Mr. Wheeler's assignments of error as if he had properly raised and supported his objections to the introduction of the social worker's testimony, notes, and records. Reviewing these assigned errors, this court found no error in the decision of the trial court. Accordingly, Mr. Wheeler has failed to establish that his counsel's performance fell "below an objective standard of reasonable representation[.]" Bradley, 42 Ohio St. 3d at paragraph two of the syllabus. Furthermore, Mr. Wheeler has not demonstrated prejudice, as he has failed to prove by "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Additionally, in view of this court's determination to address Mr. Wheeler's assignments of error as if he had properly raised and supported his objections at trial, Mr. Wheeler's plain error argument also must fail. Accordingly, Mr. Wheeler's fourth assignment of error is overruled.
 III.
Mr. Wheeler's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.